IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARIAM BAILEY                                                                                          PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:14CV00072-SA-JMV

STANLEY ACCESS TECHNOLOGIES, ET AL.                                              DEFENDANTS

## REPORT AND RECOMMENDATIONS

Before the Court is Defendant Stanley Access Technologies, Inc.'s Motion to Strike Plaintiff's Untimely Supplemental Expert Report [101] filed July 28, 2015. The matter has been assigned to the undersigned U.S. Magistrate Judge for issuance of a report and recommendations.

## Facts

Plaintiff's expert designation deadline was October 30, 2014. Discovery closed in this matter on March 2, 2015. Plaintiff timely designated Warren Davis, Ph.D., as an expert in this litigation pursuant to FED.R.CIV.P. 26(a)(2)(B), but Dr. Davis was not deposed until April 28, 2015, when his deposition was taken, without leave of Court, approximately a month after the close of discovery.

On July 2, 2015 (250 days after Plaintiff's expert designation deadline and 4 months after the close of discovery), Plaintiff served Dr. Davis's "supplemental" expert report. Dr. Davis's "supplemental" expert report contains, in addition to other changes–noted but not discussed by the parties in their respective briefing–three new opinions aimed at Stanley under the section entitled "Cause of the Accident." The opinions are identified as (a) "Inadequate Oversight and Supervision of Technicians by Stanley"; (b) "Stanley Maintains Distance from End Users"; and (c) "Stanley Appears to Make a Farce of AAADM Certification." These opinions were briefly

disclosed for the first time during the out-of- time deposition of Dr. Davis at which time he described them as "the beginnings of some additional opinions about Stanley" which, at least in part, "would need to [be] corroborate[d]."

**<u>Authorities</u>**

Federal Rule of Civil Procedure 26(a)(2)(B) requires parties to serve expert disclosures containing "a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." *See* FED. R. CIV. P. 26(a)(2)(B); *see also Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996) ("Rule 26(a) clearly require[s] initial [expert] disclosures to be complete and detailed."). The purpose of Rule 26(a)(2) is "to eliminate unfair surprise to the opposing party." *Hill v. Koppers,* No. 3:03CV60-P-D, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citations and internal quotations omitted). FED.R.CIV.P. 26(e)(1) provides that parties are under a duty to supplement their disclosures or discovery responses where they learn that a prior response was incomplete or incorrect and the additional corrective information was not otherwise known to the other parties during the discovery process. However, Rule 26(e) only applies to supplementation, not entirely new expert opinions. *See Ovella v. B&C Constr. & Equip., LLC*, No. 1:10CV285-LG-RHW, 2011 U.S. Dist. LEXIS 93009, at *4-5 (S.D. Miss. Aug. 5, 2011); *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 U.S. Dist. LEXIS 22752, at *27 (W.D. Tex Feb. 24, 2015).

"Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony. The purpose of Rule 26(a)(2) is to provide notice to opposing counsel–before the deposition–as to what the expert witness will testify . . . ." *Hill v. Koppers,* 2009 WL 3246630 at *2 (citing C*iomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 642

2

(7th Cir. 2008). *See also Salgado v. General Motors Corp.*, 150 F.3d 735, 741–742, n. 6 (7th Cir. 1998); *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.,* 73 F.3d 645, 571 (5th Cir. 1996) ("The purpose of rebuttal and supplementary disclosures is just that–to rebut and to supplement"); *Shelter Mut. Ins. Co. v. Culbertson's Ltd., Inc.,* No. 97-1609, 97-1969, 1999 WL 135297, at *4 (E.D. La. Mar. 11, 1999) (expert report discussing issues not included in initial report cannot be considered "supplementary"). And, even though the *Federal Rules of Civil Procedure* provide for supplementation, parties do not have infinite time to supplement their experts' opinions with new information to respond to challenges to their experts' original evidence. Courts have stricken supplemental reports to the extent they go beyond opinions expressed in the experts' Rule 26 reports. *Avance v. Kerr-McGee Chem. LLC,* No. 5:04-cv-209, 2006 U.S. Dist. LEXIS 87224, at *21 (E.D. Tex. Nov. 30, 2006) (*citing Beasley v. U.S. Welding Svc., Inc.,* 129 Fed. Appx. 901, 902 (5th Cir. 2005) (unpublished)). Also pertinent here is Rule 26(a)(5) of the *Uniform Local Rules for the Northern and Southern Districts of Mississippi* which provides: "A party is under a duty to supplement disclosures at appropriate intervals under FED.R.CIV.P. 26(e) and *in no event later than the discovery cut-off established by the case management order*." L.U.CIV.R. 26(a)(5) (emphasis added).

A party who fails to comply with Rule 26 "bears the burden to show that its actions were substantially justified or harmless." *Avance v. Kerr-McGee Chem. LLC*, No. 5:04-cv-209, 2006 U.S. Dist. LEXIS 87224, at *21 (E.D. Tex. Nov. 30, 2006) (excluding late filed report where plaintiffs failed to demonstrate "'substantial justification' why the revisions and new affidavits were filed after the expert deadline . . . ."). It should also be noted that FED.R.CIV.P. 16(b) "authorizes the district court to control and expedite pretrial discovery through a scheduling

3

order." *Geiserman v. MacDonald,* 893 F.2d 787, 790 (5th Cir. 1990).

Exclusion of evidence as a means of enforcing a pretrial order pursuant to Rule 16 or imposing sanctions under Rule 37(c)(1) involves consideration of four factors:

(1) the explanation for the failure to identify the witness[1]
(2) the importance of the testimony;
(3) potential prejudice in allowing the testimony; and
(4) the availability of a continuance to cure such prejudice.

*Id.* at 791; *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004); *see also Kmart Corp. v. Kroger Co.*, No. 1:11-CV-00103-GHD-DAS, 2013 WL 6681614, at *3-4 (N.D. Miss. Dec. 18, 2013).

The first factor is self explanatory. With respect to the second, importance of the testimony, the Fifth Circuit has stated that "[t]he claimed importance of expert testimony underscores the need for [plaintiff] to have timely designated his expert witness." *Geiserman,* 893 F.2d at 792. *See also Hamburger*, 361 F.3d at 883. The same holds true for new opinions offered by a previously designated witness. *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 381 (5th Cir. 1996). Moreover, the importance of the testimony "cannot singularly override the enforcement of local rules and scheduling orders." *Id.* (internal citation omitted). As to the third factor, the Fifth Circuit has noted that a delay of even a few weeks in disclosing expert testimony disrupts the court's schedule and the opponent's preparation and, therefore, is prejudicial.

---

[1]Although the *Geiserman* case involved failure to timely designate certain experts, the same analysis is applied to other types of violations of scheduling orders, such as failure to timely reveal the opinions of properly designated experts. *See, e.g., Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 379-82 (5th Cir. 1996) (affirming exclusion of expert testimony pursuant to Rules 16 and 37 where experts were timely designated but certain opinions were not timely disclosed); *accord Avance,* 2006 U.S. Dist. LEXIS 87224 at *20-21; *Shelter,* 1999 U.S. Dist. LEXIS 3241 at *4.

4

*Geiserman,* 893 F.2d at 791; *see also Williams v. Gonzales,* No. 104-CV-342, 2005 WL 3447885, at *6 (E.D. Tex. Dec. 14, 2005) (citing *Geiserman*, 893 F.2d at 791) ("Disruption of the court's discovery schedule and the opponent's preparation constitutes sufficient prejudice to militate in favor of the exclusion of [expert] testimony."). Finally, the Fifth Circuit has held that while continuances may be possible to allow the other party to address the new testimony, it is within this Court's discretion to exclude such testimony where a continuance could result in additional expense in defending the lawsuit and would not serve to enforce local rules or court imposed scheduling orders. *Id.* at 792; *accord Barrett,* 95 F.3d at 381; *Sierra Club,* 73 F.3d at 573. As the *Hamburger* court noted, just "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance." *Hamburger,* 361 F.3d at 884. *See also Williams*, 2005 U.S. Dist. LEXIS 38838 at *17-18 (excluding untimely expert affidavit and holding that the fact "that potential prejudice may be cured by granting a continuance is not dispositive"); *Hill*, 2009 U.S. Dist. LEXIS 98798 at *39-40 (expert testimony was excluded because the plaintiff failed to timely supplement her expert's original report); *Owens v. United States,* No. 5:04cv304-DCB-JCS, 2005 U.S. Dist. LEXIS 43306, at *6 (S.D. Miss. Aug. 23, 2005) (excluding expert reports and stating that "[a] party should not be granted a continuance as an award for his dilatory conduct"); *Robbins v. Ryan's Family Steak Houses East, Inc.,* 223 F.R.D. 448, 454 (S.D. Miss. 2004) (excluding supplemental expert testimony and noting violation of scheduling order should not routinely result in continuance).

## Analysis

In the instant case, the Plaintiff asserts that pursuant to FED.R.CIV.P. 26(e)(2) she may

5

supplement her expert report at any time prior to the time the parties' pretrial disclosures for preparation of the pretrial order under Rule 26(A)(3) are due (in this case, November 10, 2015). However, this contention overlooks the uncontested fact that the new report by Dr. Davis contains entirely new opinions not even mentioned by Dr. Davis until after the close of discovery. Furthermore, they were discussed only briefly during his out-of-time deposition during which he described them as in need of corroboration and only constituting the "beginnings of some additional opinions against Stanley." In addition, the Plaintiff completely disregards L.U.CIV.R. 26(e)'s requirement that supplementation be made by the close of discovery. Most importantly, Plaintiff offers no justification for the submission of entirely new opinions over four months after the close of discovery, and the prejudice of allowing such a late disclosure is obvious. Stanley will now have no opportunity to have its own expert opine on these new subjects. Nor will it be able to discover and depose witnesses relative to the new opinions. And, though Plaintiff accurately suggests that her expert did briefly raise the subject of the new opinions in his out-of-time deposition, it is well settled, as noted above, that a party may not sit by without supplementing her expert's opinions and rely on the chance that the expert will mention any new opinions during his deposition–especially one taken after the discovery deadline has run and without leave of court.

    Finally, no party has requested a continuance in this case. But, in any event, it is plain to the undersigned–though no decision is made on the subject–that continuing the case so as to permit Plaintiff to reopen discovery to assert new opinions first advanced well after the close of discovery would add substantial expense to the defendant's trial preparation efforts and expenses. For the foregoing reasons, it is recommended that the motion be granted and that the

6

supplemental expert report of Dr. Warren Davis be stricken.

**Filing Objections**

The parties are referred to L.U.Civ.R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 9th day of September, 2015.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE